UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

RUSSELL RIGGS AND RAMADA
THOMPSON

CIVIL ACTION NO. 1:17-CV-01008

VERSUS

CHIEF JUDGE DRELL

CHAMPION TRUCK LINES, LLC,
*ET AL*

MAGISTRATE JUDGE PEREZ-MONTES

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Complaint removed from a Louisiana state court by Defendant Hallmark Specialty Insurance Company ("Hallmark") premising federal jurisdiction upon diversity of citizenship (Doc. 1). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)) (internal citation and quotation omitted). "[W]hen jurisdiction depends on citizenship,

citizenship must be *distinctly and affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (internal quotation omitted) (See also Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008)(per curiam). In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. Coury v. Prot, 85 F. 3d 244, 249 (5th Cir. 1996). The party invoking subject matter jurisdiction in federal court has the burden of establishing the Court's jurisdiction. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F. 3d 1250, 1253-54 (5th Cir. 1998). In this case, the removing Defendant must bear that burden.

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners." See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80.

The Plaintiffs' Petition for Damages ("Petition") does not seek a specific amount of damages (Doc. 1-3). Therefore, the removing Defendant is required to either (1) demonstrate that it is facially apparent that the amount in controversy exceeds $75,000; or (2) set forth specific facts in controversy that support a finding of the jurisdictional amount. St. Paul Reinsurance, 134 F. 3d at 1253. Hallmark alleges Plaintiffs seek damages for severe and permanently disabling injuries (Doc. 1-3), and further alleges Plaintiffs have refused to stipulate their damages do not exceed $75,000, exclusive of interest, costs, and fees (Doc. 1-2, Doc. 1-6). Hallmark alleges it is clear from the face of Plaintiffs' Petition that Plaintiffs seek damages in excess of $75,000 (Doc. 1). Hallmark further alleges the parties are completely diverse and that the amount in controversy exceeds the amount of $75,000 (Doc. 1).

Plaintiffs sue Defendants, Champion Truck Lines, LLC, Hallmark Specialty Insurance Company, and Clifford Phelps (Doc 1-3). Plaintiffs allege Defendant Clifford Phelps is a resident of, and domiciled in, the State of Oklahoma (Doc. 1-3). Accordingly, Defendant Phelps is a citizen of Oklahoma (Doc. 1-2). Plaintiffs' Petition further alleges that Defendant Champion Truck Lines, LLC is a foreign corporation (without giving more detail), and that Defendant Hallmark Specialty Insurance Company is a foreign corporation (without giving more detail) authorized to do and doing business in the State of Louisiana (Doc. 1-3). In its Complaint for Removal, Defendant Hallmark alleges Champion Truck Lines, LLC is a limited liability company incorporated in the State of Oklahoma, domiciled in the State of Oklahoma,

and with its principal place of business in the State of Oklahoma (Docs. 1-2, 1-3, and 1-4).

However, while the state of incorporation and principal place of business are sufficient jurisdictional facts to establish a corporation's citizenship, Defendant Champion Truck Lines, LLC is an LLC.[1] The Fifth Circuit has held that the citizenship of an LLC "is determined by the citizenship of all its members." Harvey, 542 F.3d at 1079-80. However, neither the Plaintiffs' Petition for Damages nor Defendant's Complaint for Removal allege facts regarding the citizenship of the members of Champion Truck Lines, LLC. Therefore, the citizenship of Defendant Champion Truck Lines, LLC is not clear from the pleadings.

Further, the citizenship of Defendant Hallmark is not clear from the pleadings. Defendant Hallmark alleges it is incorporated in Texas, with its principal place of business in Texas (Docs. 1-2 and 1-5). However, the designation of Hallmark as a corporation is uncertain. Further, Defendant's Exhibit 3 (Doc. 1-5) indicates Hallmark's domicile is Oklahoma, as identified by the Louisiana Department of Insurance. The Oklahoma Secretary of State shows Hallmark Specialty Insurance Company is a domestic for-profit insurance corporation.[2] Therefore, while it is not clear from the pleadings, it appears that Hallmark Specialty Insurance Company may also be a citizen of Oklahoma.

---

[1] Defendant shows Champion Truck Lines, LLC is a domestic limited liability company with an inactive status with the Oklahoma Secretary of State (Doc. 1-4). See https://www.sos.ok.gov/corp/corpInformation.aspx?id=3512496434.

[2] See https://www.sos.ok.gov/corp/corpInformation.aspx?id=3100451491.

Additionally, the Defendants' Complaint for Removal and Plaintiffs' Petition for Damages contain no allegations regarding the domicile or citizenship of Plaintiffs, Russell Riggs and Ramada Thompson. The Court cannot determine from the pleadings whether the parties are diverse in citizenship. Therefore, the existence of federal jurisdiction is in question.

Accordingly,

The Clerk of Court is DIRECTED to serve a copy of this order upon the Plaintiffs, Russell Riggs and Ramada Thompson, and Defendants, Clifford Phelps and Champion Truck Lines, LLC IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, not later than twenty-one (21) days from service of this Order, Defendant Hallmark Specialty Insurance Company SHALL FILE: (1) a Jurisdictional Memorandum setting forth specific facts, including the citizenship of Hallmark Specialty Insurance Company, including sufficient facts to establish every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business; the citizenship of all the members of Champion Truck Lines, LLC; and the citizenship of Russell Riggs and Ramada Thompson, both at the time of filing in state court and at the time of removal to federal court, that support a finding that the parties are diverse in citizenship; and (2) a motion for leave to amend the jurisdictional allegations of the Complaint for Removal pursuant to 28 U.S.C. § 1653 to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that Plaintiffs, Russell Riggs and Ramada Thompson, and Defendants, Clifford Phelps and Champion Truck Lines, LLC, will be allowed seven (7) days from receipt of Defendant Hallmark's memorandum regarding jurisdiction to file a response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 21st day of August, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge