UNITED STATES DISTRICT COURT     b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUSSELL RIGGS, *et al.* | CIVIL ACTION 1:17-CV-01008 |
| VERSUS | JUDGE DRELL |
| CHAMPION TRUCK LINES, L.L.C., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Plaintiffs filed a Motion to Remand (Doc. 12), alleging removal was procedurally improper because two Defendants did not consent. Because removal was procedurally proper, Plaintiffs' motion (Doc. 12) should be denied.

### I. Background

This is a personal injury action arising from a motor vehicle accident between Plaintiff Russell Riggs ("Riggs") and Defendant Clifford Phelps ("Phelps") (Doc. 1-3). Plaintiffs Russell Riggs and Ramada Thompson ("Thompson") (Riggs's passenger) filed their personal injury action in a state court against Phelps, Champion Truck Lines, L.L.C. (owner of the eighteen-wheel truck driven by Phelps), and their liability insurer, Hallmark Specialty Insurance Co. ("Hallmark") (Doc. 1-3). Plaintiffs ask for general and special damages (Doc. 1-3).

Defendant Hallmark removed the case from state court, premising jurisdiction on diversity (Doc. 1). Plaintiffs filed a Motion to Remand (Doc. 12).

Hallmark then filed a Motion for Summary Judgment, denying it had issued a policy for Champion or Phelps (Doc. 31). Plaintiffs amended their complaint (Doc.

36), substituting National Fire and Marine Insurance Co. ("National") for Hallmark as liability insurer for Champion and/or Phelps (Doc. 36). Defendants answered the complaints (Doc. 7, 26, 38, 39, 43).

II. Law and Analysis

Plaintiffs contend the removal was procedurally improper because Hallmark removed the case without consent of the other Defendants, Champion and Phelps, as required by 28 U.S.C. § 1446 (Doc. 12).

Hallmark argues Phelps and Champion had not been served when the case was removed, so their consent was not required (Doc. 1-2).

In the Fifth Circuit, all served defendants must join in the petition for removal within thirty days of service on the first defendant, and if consent of all served defendants is not timely obtained, the removal is procedurally defective. See Doe v. Kerwood, 969 F.2d 165, 167, 169 (5th Cir. 1992). This "rule of unanimity" requires that there be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action;" each defendant does not need to sign the notice of removal to effect removal. See Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988); see also Moreno Energy, Inc. v. Marathon Oil Co., 884 F. Supp. 2d 577, 582–83 (S.D. Tex. 2012).

A defendant is free to amend a notice of removal within the thirty-day period, but once that thirty-day period has expired, amendment is not available to cure a substantive defect in removal proceedings. See Moody v. Commercial Ins. Co. of

2

Newark, N.J., 753 F. Supp. 198, 201–02 (N.D. Tex. 1990); see also Moreno Energy, Inc., 884 F. Supp. 2d at 582.

There are three well-recognized exceptions to the rule that all defendants must join in the removal petitions to effect removal: (1) where the defendant was not yet served with process at the time the removal petition was filed; (2) where a defendant is merely a nominal, unnecessary, or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). See Ashford v. Aeroframe Services, L.L.C., 2015 WL 2089994, *3 (W.D. La. 2015) (citing Jones v. Houston Independent School Dist., 979 F.2d 1004, 1007 (5th Cir. 1992)); see also, Moreno Energy, Inc. 884 F. Supp. 2d at 582; Moody, 753 F. Supp. 198, 200 (N.D. Tex. 1990).

As Hallmark points out, Champion and Phelps had not been served when Hallmark removed the case. Therefore, Champion and Phelps were not required to join in the removal.

Since Plaintiffs have failed to prove the removal was procedurally improper, their motion to remand (Doc. 12) should be denied.

### III. Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Plaintiffs' Motion to Remand (Doc. 12) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __2nd__ day of March, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge